### In the Matter of James P. SHELDON.

#### No. 98S00–9806–DI–356.

Supreme Court of Indiana.

Nov. 27, 2001.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below.

**Facts:** While representing a client in a civil case scheduled for a trial, the respondent failed to comply with discovery deadlines. He filed his motion for continuance three days before trial and, when it was denied, followed with a motion to dismiss the day before trial. The trial judge, viewing the motion as another attempt to continue the trial, told the parties that he would grant it only "with prejudice." The respondent nonetheless insisted on the dismissal, and the case was dismissed with prejudice. The respondent later filed a motion to correct errors in which he falsely

asserted that he had not agreed to a dismissal with prejudice. He repeated his false assertion in his response to the Commission. The respondent failed to inform his clients that the trial court proceeding had concluded and misled them about the status of the case.

**Agreed Violations:** The respondent violated Ind. Professional Conduct Rule 1.1, which requires that attorneys provide competent representation, and Prof.Cond.R. 1.3, which requires that attorneys act with reasonable diligence and promptness in representing a client. The respondent also violated Prof.Cond.R. 1.4(b), which requires that attorneys explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. The respondent violated Prof.Cond.R. 3.1, which prohibits attorneys from asserting a frivolous issue. The respondent violated Prof. Cond.R. 8.4(c), which states that a lawyer commits professional misconduct by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and Prof.Cond.R. 8.4(d), which provides that an attorney who engages in conduct prejudicial to the administration of justice commits professional misconduct.

**Discipline:** 90–day suspension with automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline but only because it was agreed. The period of suspension shall begin December 19, 2001. Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing that the respondent's deceptive conduct requires that his suspension be substantially longer and that automatic reinstatement not be granted.